UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,

                            Plaintiff,

        v.

DWAYNE POSEY,

                            Defendant.

**DECISION AND ORDER**
16-CR-87-A

———————————————————

      The defendant, Dwayne Posey, is charged in an Indictment returned on July 27, 2016, with five controlled substance offenses and two firearms offenses. Specifically, defendant Posey is charged with (1) conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; (2) conspiracy with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; (3) possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2; (4) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2; and, (5) possession of heroin with intent to distribute in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Dkt. No. 10, pp. 1-4. The defendant is also charged with having possessed a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt. No. 10, pp. 5-7. The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

**I. The Wiretap Report and Recommendation.** On March 13, 2018, Magistrate Judge Schroeder filed a Report, Recommendation and Order (Dkt. No. 69) that recommended, among other things, that a motion filed by defendant Posey to suppress the fruits of December 28, 2015 and February 23, 2016 trap-and-trace orders and of March 9, 2016 and April 8, 2016 wiretap orders, and to dismiss the Indictment all be denied. The defendant objected to the recommendation to deny suppression of the fruits of the wiretaps. He argued primarily that the showing of necessity and of probable cause were insufficient.

Pursuant to 28 U.S.C. §636(b)(1), the Court must make a *de novo* determination of the portions of a report and recommendation to which objections have been made. After reviewing the submissions of the parties, having heard oral argument, and upon *de novo* review, it is hereby

**ORDERED** that the motions of defendant Posey to suppress the fruits of the March 9, 2016 and April 8, 2016 wiretap orders (Dkt. Nos. 48, 58) are denied for the reasons stated in the Report and Recommendation. Dkt. No. 69.

**II. The Oral Statements Report and Recommendation.** On May 17, 2019, Magistrate Judge Schroeder filed a Report, Recommendation and Order (Dkt. No. 123) that recommended, among other things, denial of defendant Posey's supplemental motions: (1) to suppress oral statements (a) that were beyond scope of the public-safety exception to *Miranda*[1]; (b) that were made after *Miranda* warnings were given but

---

[1] *Miranda* warnings by law enforcement officers are required to ensure that persons who are subject to custodial interrogation are aware of their constitutional rights against self-incrimination and to legal counsel. *See Miranda v. Arizona*, 384 U.S. 436, 487-79 (1966).

2

were the product of a two-step interrogation; and (c) that were made after the prompt-presentment safe harbor had lapsed; and, (2) to suppress telephone call detail records and evidence derived from them (Dkt. No. 94), all be denied.

Defendant Posey objected to each of these recommendations. Pursuant to 28 U.S.C. §636(b)(1), the Court must make a *de novo* determination of the portions of a report and recommendation to which objections have been made. After reviewing the submissions of the parties, having heard oral argument, and upon *de novo* review, it is hereby

**ORDERED**, pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation (Dkt. No. 123), defendant Posey's supplemental motions: (1) to suppress oral statements (a) that were beyond the scope of the public-safety exception to *Miranda*; (b) that were made after *Miranda* warnings were given but were the product of a two-step interrogation; and (c) that were made after the prompt-presentment safe harbor had lapsed; and, (2) to suppress telephone call detail records and evidence derived from them, are denied.

**III. Status Conference.** The parties shall be appear at 9:00 a.m. on September 18, 2019, to set a date for a change of plea or trial.

**IT IS ALL SO ORDERED**.

  *s/Richard J. Arcara*
  HONORABLE RICHARD J. ARCARA
  UNITED STATES DISTRICT COURT

Dated: September 16, 2019