UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
16-CR-87-RJA

DWAYNE POSEY,

Defendant.

Defendant Dwayne Posey is charged in a six-count Superseding Indictment returned August 4, 2020 (Dkt. No. 224).[1]  Count 5 of the Superseding Indictment charges Defendant with, from December 2015 until on or about May 4, 2016, possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i), that is, a multi-drug conspiracy as charged in Count 1, and possession with intent to distribute heroin, fentanyl, and acetyl fentanyl as charged in Count 4. Defendant argues that Count 5 is duplicitous because it charges "at least two offenses", *i.e.*, a "uses or carries" offense and a "possession" offense.

Before the Court is Defendant's motion (Dkt. No. 234) to compel the Government to elect to proceed on one of the two charged crimes, or in the alternative, to instruct the jurors that their verdict must be unanimous as to which offense Defendant committed that will then be reflected on the verdict form at the trial, which is set for jury selection on

---

[1] The six Counts Defendant is charged with are: (1) conspiracy with intent to distribute, and to distribute, various controlled substances; (2) possession with intent to distribute, and to distribute, 5 grams or more of methamphetamine; (3) possession with intent to distribute, and to distribute, methamphetamine; (4) possession with intent to distribute heroin, fentanyl, and acetyl fentanyl; (5) possession of a firearm in furtherance of drug trafficking; and (6) felon in possession of a firearm and ammunition.  The Superseding Indictment also alleges Defendant's prior conviction of a serious drug felony, as to counts 1, 2, and 4. There are further two forfeiture allegations (currency and firearms, respectively).

October 12, 2021.  Defendant argues that he will be prejudiced otherwise and there would be no way to ensure any conviction is the result of a unanimous verdict.  He also raises double jeopardy concerns.  The Government filed a response to the motion (Dkt. No. 243) and Defendant filed a reply (Dkt. No. 244).

Upon due consideration of the parties' submissions, and oral argument that was heard on October 20, 2020, for the following reasons, the motion is hereby DENIED.

## DISCUSSION

The Court assumes the parties' familiarity with the relevant factual background and procedural posture of this case.  At the outset, the Court notes that Defendant's motion is labeled as a "motion in limine", which is a misnomer.[2]  "Duplicity, of course, is only a pleading rule and would in no event be fatal to the count [at issue]."  *United States v. Droms*, 566 F.2d 361, 363 n.1 (2d Cir. 1977).  In contrast, a "motion in limine is defined as " '[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.' "  *United States v. Ullah*, 2005 WL 629487, 2005 U.S. Dist. LEXIS 12419, *92 (W.D.N.Y. Mar. 17, 2005), quoting Black's Law Dictionary 791 (7th ed. 1999), *adopted in part by* 2006 U.S. Dist. LEXIS 47994 (July 14, 2006).

## I.      Timeliness

Preliminarily, the Government argues that Defendant's motion should not proceed to the merits because it was untimely filed, and he thus waived the duplicity argument by not raising it sooner.  The Government further argues that no good cause is shown to excuse the delay.

---

[2] Defendant concedes that it is "technically probably correct" that the instant motion is not a motion in limine but argues this is "irrelevant" to the analysis of the timeliness of the motion.  Dkt. No. 244, p. 2.

A motion directed to defects in the indictment must be raised before trial, including a motion alleging duplicity of counts.  *See* Fed. R. Crim. P. 12(b)(3)(B)(i) ("joining two or more offenses in the same count (duplicity)").  Such a motion is to be raised "by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3).  The Court may set a deadline for pretrial motions and may extend or reset those deadlines; if a party fails to meet the deadline for making a Rule 12(b)(3) motion, the motion is considered untimely, although the Court may consider it nevertheless upon the party's showing of "good cause."  Fed. R. Crim. P. 12(c)(1)-(3).  A Court "will not find a defendant has waived a duplicity argument where the claimed defect in the indictment was not apparent on its face at the institution of the proceeding."  *United States v. Sturdivant*, 244 F.3d 71, 76 (2d Cir. 2001).

Pursuant to Magistrate Judge Schroeder's amended scheduling order (Dkt. No. 41), all dispositive and non-dispositive pretrial motions were due by no later than July 28, 2017; Defendant's motion for an extension of time was granted, and the deadline was adjourned to August 7, 2017 (Dkt. No. 43).  The Government argues that, while the Superseding Indictment was not returned until August 4, 2020, the defense could have brought this challenge to the § 924(c) charge by the deadline of August 7, 2017 because the same language Defendant objects to was identical in the original Indictment.  *Compare* Dkt. No. 10, Count 7, *with* Dkt. No. 224, Count 5.

Defendant counters with several arguments.  First, he argues that the Court's more recent scheduling order specified that "*[a]ny other motions* are to be filed by 9/4/2020", CM/ECF Minute Entry, 7/21/2020 (emphasis added), which should be read

3

broadly to include motions that are not motions in limine.[3]  Second, he argues that while

the basis for this motion may have been "reasonably available" from the original

Indictment's language alone, his identification of theories of "prejudice" was not, as

those theories have developed along with his understanding of the evidence the

Government will present.  Defendant acknowledges that the motion may arguably not

be timely even now, because "[f]or all Posey and the Court know, the [G]overnment may

have evidence that it believes shows Posey's conduct satisfies both variants of § 924(c)

with respect to both Counts 1 and 4", and this depends on whether Defendant's

understanding of the Government's evidence and theories is accurate.  Dkt. No. 244, p.

3.  In other words, Defendant explains that he may *not* be prejudiced if the Government

has certain evidence and arguments that he and the Court are not currently privy to.

Regardless of whether Defendant's motion is timely (and there are compelling

arguments from both parties), the Court will not deny the motion on this basis.  Rather,

the Court will proceed to the merits due to the Circuit split and "dearth of authority" on

this issue, and "because the Court will need to interpret both the statute and the

superseding indictment when it charges the jury", and "beginning that process now—

rather than mid-way through the trial—will allow for a more orderly, efficient, and fair

trial."  *United States v. Fisher*, 291 F. Supp. 3d 356, 358 (W.D.N.Y. Dec. 5, 2017).

## II.   Duplicity

### A.  Standard of Review

"An indictment is duplicitous (1) if it joins two or more distinct crimes in a single

count, in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate

---

[3] The instant motion was filed on September 4, 2020.  Dkt. No. 234.

count for each offense, and (2) it thereby prejudices the defendant." *United States v. Ahmed*, 94 F. Supp. 3d 394, 431 (E.D.N.Y. Mar. 24, 2015) (internal quotation marks and citations omitted); *see United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) (same). "If an indictment is duplicitous, a general verdict of guilty will not reveal whether the jury found defendant guilty of only one crime and not the other, or guilty of both . . . Moreover, a guilty verdict on a duplicitous indictment does not indicate whether the jury found defendant guilty without having reached a[ ] unanimous verdict on the commission of a particular offense." *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980). As such, "the prohibition of duplicity is said to implicate a defendant's rights to notice of the charge against him, to a unanimous verdict, to appropriate sentencing and to protection against double jeopardy in a subsequent prosecution." *Id.*

The Second Circuit has "distinguished a single count alleging commission of a crime by several means (not duplicitous) from a count alleging two or more crimes in a single count (which would be duplicitous)." *United States v. Crosby*, 08CR186A, 2011 WL 2532974, 2011 U.S. Dist. LEXIS 158919 *11 (W.D.N.Y. June 24, 2011), citing *Aracri*, 968 F.2d at 1518.

"[T]he remedy for a duplicitous indictment before trial is reformulation, not dismissal." *United States v. Vickers*, 13-CR-128A, 2014 U.S. Dist. LEXIS 64150, *16 (W.D.N.Y. Jan. 28, 2014). In other words, the prosecutor could elect to proceed on one of the duplicitous charges, and redact the indictment accordingly, or the Court could remove the potential prejudice through a curative jury instruction. *See United States v. Nicolo*, 05-CR-6161L, 523 F. Supp. 2d 303, 314 (W.D.N.Y. Nov. 27, 2007) ("[E]ven if an indictment is duplicitous, and even if that duplicity presents some risk of prejudice to the

defendant, that risk can often be avoided through jury instructions making clear to the jurors that they must unanimously agree on the particular conduct underlying the conviction.") (internal citations omitted).   " 'It is assumed that a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict.' "  *United States v. Felder*, S2 14 Cr.546 (CM), 2016 U.S. Dist. LEXIS 55604, *8-9 (S.D.N.Y. Apr. 22, 2016).

### B. Whether the § 924(c) Charge is Duplicitous

The allegedly duplicitous count, Count 5, charges:

> Beginning in or about December 2015, the exact date being unknown to the Grand Jury, and continuing until on or about May 4, 2016, in the Western District of New York, the defendant, DWAYNE POSEY a/k/a Reese, **in furtherance of drug trafficking crimes** for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Sections 846 and 841(a)(1), **committed in the manner set forth in Counts 1 and 4 of this Superseding Indictment**, the allegations of which are incorporated herein by reference, **did knowingly and unlawfully possess a firearm**, <u>**and**</u> **during and in relation to said drug trafficking crimes, did knowingly and unlawfully use and carry a firearm**.
> All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Dkt. No. 224, p. 4 (emphases added).  As referenced in Count 5, Count 1 charges a multi-drug conspiracy from around December 2015 until about May 4, 2016, and Count 4 charges possession with intent to distribute heroin, fentanyl, and acetyl fentanyl on or about May 4, 2016.  Dkt. No. 224, pp. 1-3.

Defendant has not moved to dismiss Count 5.  Rather, he requests an order requiring the Government to elect a single offense to present to the jury, or, in the

alternative, that the Court instruct the jury to be unanimous regarding which offense

Defendant committed and provide them with a verdict form mirroring that requirement.

"In deciding whether an indictment includes a duplicitous count, the criminal

statute alleged to have been violated must be examined.  The court's determination

turns on whether the statute creates several distinct offenses or merely describes

different means by which a single crime may be committed."  *Ahmed*, 94 F. Supp. 3d at

432.  Section 924(c) criminalizes the conduct of "any person who, during and in relation

to any crime of violence or drug trafficking crime . . . for which the person may be

prosecuted in a court of the United States, uses or carries a firearm, or who, in

furtherance of any such crime, possesses a firearm . . ." 18 U.S.C. § 924(c)(1)(A).

As stated by the Second Circuit, "[c]ircuits are currently split as to whether §

924(c) creates two separate offenses . . . or whether it merely describes two alternative

means for committing the same offense."  *United States v. Jackson*, 513 Fed. Appx. 51,

54 (2d Cir. Mar. 4, 2013) (summary order) (citations omitted), *cert. denied* 569 U.S. 939

(2013).  The Second Circuit has declined to reach this issue where it is "clear on the

record . . . that the defendant suffered no prejudice"—*e.g.*, where "[a]ll prongs of §

924(c) were therefore satisfied by the defendant's conduct as found by the jury."

*Jackson*, 513 Fed. Appx. at 54; *see United States v. Walker*, 789 Fed. Appx. 241, 243

(2d Cir. Oct. 4, 2019) (summary order) (same, when it was "undisputed that the conduct

to which [the defendant] admitted during his plea allocution satisfied both prongs of §

924(c)"); *see also United States v. Davis*, 491 Fed. Appx. 219, 224 (2d Cir. Aug. 8,

2012) (summary order) (noting the Circuit split, and that there was "no binding

precedent by the Supreme Court or this court").

Defendant argues that this Court should follow the Sixth and Eighth Circuits, which have concluded that using or carrying a firearm during and in relation to a drug trafficking crime (hereinafter, "uses or carries" clause) and possessing a firearm in furtherance of a drug trafficking crime (hereinafter, "possesses" clause), are separate criminal offenses, primarily relying on *United States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006) and *United States v. Combs*, 369 F.3d 925 (6th Cir. 2003).  In response, the Government urges this Court to instead follow the Ninth Circuit's decision in *United States v. Arreola*, 467 F.3d 1153 (9th Cir. 2006), which held that § 924(c) defines one offense, and case law out of the Seventh Circuit as well, *see United States v. Haynes*, 582 F.3d 686, 703-704 (7th Cir. 2009) (same), *opinion amended on denial of reh'g*, 353 Fed. Appx. 58 (7th Cir. Nov. 25, 2009), and *abrogated on other grounds* by *United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012).[4]

The *Arreola* Court grappled with the "central question" of whether § 924(c) "defines one offense or two" by considering four pertinent factors, *i.e.*, "(1) language of the statute itself, (2) the legislative history and statutory context, (3) the type of conduct proscribed, and (4) the appropriateness of multiple punishment for the conduct charged in the indictment."  *Arreola*, 467 F.3d at 1157 (internal quotation marks omitted), quoting *United States v. UCO Oil Co.*, 546 F.2d 833, 837 (9th Cir. 1976).  Following an in-depth

---

[4] Akin to the Second Circuit, it appears that the Third Circuit has declined to decide the issue.  *See United States v. Scott*, 463 Fed. Appx. 85, 89 (3rd Cir. Jan. 9, 2012) (unpublished opinion) ("We need not decide in this case whether § 924(c) does in fact create two separate offenses because, even assuming that it does, Scott's duplicity argument has no merit."), *cert. denied* 566 U.S. 1003 (2012).

As noted previously by this Court, other Circuits have read § 924(c) as criminalizing two separate offenses, but without any discussion of the duplicity issue.  *See United States v. Pink*, 267 F. Supp. 3d 406, 431 n.7 (W.D.N.Y. July 24, 2017), citing, *e.g.*, *United States v. Owens*, 224 Fed. Appx. 429, 430 (5th Cir. Apr. 16, 2007) (per curiam) (citing the *Combs* Sixth Circuit decision); *United States v. Lott*, 310 F.3d 1231, (10th Cir. 2002), *cert. denied* 538 U.S. 936, 1246 (2003); *United States v. Timmons*, 283 F.3d 1246, 1250 (11th Cir. 2002), *cert. denied* 537 U.S. 1004 (2002).

analysis, the Court concluded that the statute defines a single offense and that the indictment at issue was not duplicitous.

Defendant argues that *Arreola* is unpersuasive.  *See* Dkt. No. 244, pp. 5-9.  As noted above, there is also out-of-Circuit case law that lands on a different conclusion.  The *Combs* case, relied on heavily by Defendant, also goes through an extensive discussion on various factors the Court considered as to this issue, namely, the statutory text, the legislative history, and its reasoning that different proof is required to show the "uses or carries" clause and the "possesses" clause (what the *Combs* Court calls two different offenses).

The Court has carefully considered the competing, out-of-Circuit case law cited by the parties, as well as Second Circuit case law that addresses this issue.  As pointed out by the Government, although the Second Circuit in *Jackson* declined to reach the issue due to the facts and circumstances of that case, the Court wrote in *dicta*:

> Although we do not reach the question of whether section 924(c) creates multiple offenses, we have held that '[w]here there are several ways to violate a criminal statute . . . federal pleading requires . . . that an indictment charge [be] in the conjunctive to inform the accused fully of the charges.  A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged.'

*Jackson*, 513 Fed. Appx. at 54, quoting *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008).

Here, the Government has charged the "uses or carries" clause and the "possesses" clause in Count 5 of the Superseding Indictment in the conjunctive, "to inform the accused fully of the charges."  *Jackson*, 513 Fed. Appx. at 54.  From the *dicta* in *Jackson*, citing well-established precedent in this Circuit, states that then, at

9

trial, Defendant could be convicted if the evidence at trial shows "the statute was violated in any of the ways charged." *Id.*

Moreover, at least two decisions out of this District have held that a § 924(c) count is not duplicitous, but instead provides different means of committing a violation of the statute. *See United States v. Pirk*, 267 F. Supp. 3d 406, 430-431 (W.D.N.Y. 2017); *United States v. Montalvo*, 11-CR-00366-RJA-JJM, 2014 WL 3894377, 2014 U.S. Dist. LEXIS 111432, *12-16 (W.D.N.Y. Apr. 16, 2014).

Defendant seeks to compel the Government to elect to proceed on one of what he views as two charged crimes, or in the alternative for the Court to issue an unanimity instruction and special verdict form. As Defendant understands the evidence, the Government can only prove a "uses or carries" offense in connection with Count 1 of the Superseding Indictment, and a "possession" offense in connection with Count 4. Count 1 is a multiple-drug conspiracy charge spanning about six months, which relates to Defendant's alleged threatening of his co-defendant, Peter Stallworth, with a firearm. Defendant argues that the Government could thus only prove that Defendant "used" and "carried" the firearm "during and in relation to" the drug conspiracy, not that he "possessed" it "in furtherance of" the conspiracy. As to Count 4, which charges Defendant's possession of controlled substances on the date of his arrest, the heroin mixture was found in the pocket of Defendant's sweatpants on his person, whereas "the firearm was found in a kitchen cabinet some six feet from where he was seated, handcuffed." Dkt. No. 234, p. 5. As such, Defendant argues that the Government could only prove that he "possessed" the firearm "in furtherance of" the drug possession, and not that he "used" or "carried" the firearm "during and in relation to" the drug possession.

10

As set forth above, Defendant concedes that it is possible that the trial proof shows otherwise, and that the Government has a theory that hits both § 924(c) prongs "with respect to both Counts 1 and 4".  In other words, there may not be any prejudice here, as conceded by Defendant.  *See Ahmed*, 94 F. Supp. 3d at 431.

Defendant's motion is denied.

The Court will not require the Government to "elect a § 924(c) offense" before trial.  The Second Circuit has suggested in *dicta* that the Government may plead an offense in the conjunctive while proving it in the disjunctive.  Moreover, the Court concludes that the authority out of the Ninth and Seventh Circuits is more persuasive than that out of the Sixth and Eighth Circuits—that § 924(c) charges different means of violating § 924(c), rather than two different offenses.  Previous Courts in this District have arrived at the same conclusion.

In any event, Defendant acknowledges that he may not be prejudiced, dependent on the proof at trial, which means Defendant's position could collapse on that ground. *See, e.g.*, *Jackson*, 513 Fed. Appx. at 54.  The Second Circuit has repeatedly held that where the proof at trial shows no prejudice, a duplicity argument will not prevail.

The Court also refrains, at this juncture, from determining that it will instruct the jury to issue a unanimous verdict as to the § 924(c) clauses and reflect that in the verdict sheet.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion (Dkt. No. 234) to compel the Government to elect to proceed on one of the two charged crimes, or in the alternative, to instruct the jurors that their verdict must be unanimous regarding the offense Defendant committed that will then be reflected on the verdict form at the trial, is hereby DENIED.  However, after the Government has presented its case, the defense may raise this argument in the event the proof suggests Defendant is prejudiced, *i.e.*, that the proof does not permit the jury to conclude Defendant violated the statute by both the "uses or carries" theory and the "possesses" theory.  The Court will then revisit this issue before charging the jury.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   October 1, 2021
        Buffalo, New York