UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DWAYNE POSEY,

      Defendant.

**DECISION AND ORDER**
16-CR-87-RJA

---

  Jury selection in this case is scheduled for October 12, 2021. Defendant Dwayne Posey has filed a motion (Dkt. No. 324) for disclosure of jury records. The Government has filed a response (Dkt. No. 339). Upon due consideration of Defendant's motion, and to clarify the Court's ruling from the September 30, 2021 status conference, the Court GRANTS the motion in part, and DENIES the motion in part.

  Defendant moves for disclosure of five categories of records relative to the Court's jury selection process, in anticipation of possibly preparing a fair-cross section challenge pursuant to the Sixth Amendment and the Jury Selection and Service Act of 1968 ("JSSA").

  The Sixth Amendment right to an impartial jury includes the right to a jury drawn from a "fair cross section" of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530-531 (1975). 28 U.S.C. § 1867(f) allows parties in a case to "inspect, reproduce, and copy" the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process" to prepare a motion to challenge compliance with the JSSA. The statute permits the parties "essentially an *unqualified* right to inspect jury lists". *Test v. United States*, 420 U.S. 28, 30 (1975).

The Second Circuit has explained that, while the JSSA's disclosure provisions "plainly give a defendant access only to records and papers already in existence", and Court personnel are not required to compile data on a party's behalf.  *See United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997).  The statute further provides that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both."  28 U.S.C. § 1867(f).

In this case, the Government does not take a position on the release of the requested records, as long as Defendant does not request that the Clerk of the Court create records not already in existence or analyze data on behalf of Defendant, which *Miller* delineates is not required.

The motion was previously premature, as the Court had not yet sent out notices to prospective jurors for Defendant's jury selection date.  However, the notices have now been sent out (although the Court is unaware of any requested deferrals yet, which come in on a rolling basis).

The Court hereby GRANTS the motion in part, and DENIES the motion in part, as follows.  The Jury Administrator, in conjunction with the Court, will work with the parties to disseminate the following information/ records:

- A list of potential jurors, meaning jurors who were sent notices regarding the October 12, 2021 jury selection, with their names and city of residence listed;
- A *separate* list with the breakdown of the race of the potential jurors;
- A list with the enumerated breakdown (not by name), by race, of potential jurors who were deferred due to COVID-19;

- The COVID-19 related letter and questionnaire with four questions as to COVID-19 that was sent to the potential jurors.

**The records produced shall be subject to a protective order to be proposed by the parties by no later than Monday, October 4, 2021.**

As such, the motion at Docket Number 324 shall be terminated. Moreover, as this motion was a supplement or update to the motion filed at Docket Number 306, the latter motion shall be terminated as well.

**IT IS SO ORDERED.**

                                                 *s/Richard J. Arcara*
                                        HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT COURT

Dated: October 1, 2021
       Buffalo, New York