UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.                                         **DECISION AND ORDER**
                                                   16-CR-87-RJA

DWAYNE POSEY,

                    Defendant.

_____

      Defendant Dwayne Posey was sentenced by this Court in July 2022 to an aggregate 48-month sentence in his Rule 11 case, 16-CR-87, to be served concurrently with an aggregate 84-month sentence imposed by the Court for Defendant's violation of supervised release in 4-CR-41 in February 2021. It is well-documented (*see, e.g.*, Dkt. Nos. 402 [statement of reasons], 405 [amended judgment], 409 [7/5/2023 sentencing tr.], 419 [7/6/2023 sentencing tr.]) that the Court accepted the parties' plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and imposed the foregoing sentence to effectuate the parties' intent in their plea agreement (Dkt. No. 390, ¶ 13) that Defendant serve no more than 121-137 months, total, between his Rule 11 sentence and his violation sentence. In short, it was the Court's and the parties' understanding that the Rule 11 sentence would begin to run concurrent to Defendant's violation sentence only from the date of the Rule 11 sentencing, July 6, 2022, and therefore the Court granted a 73-month downward variance from the agreed-upon low end of the Guideline range, *i.e.*, 121 months, to reach the desired result.

Defendant has now filed a *pro se* motion (Dkt. No. 413), stylized as a motion to correct his sentence, along with supplemental motion papers (Dkt. No. 415).[1]  The Government filed a response in opposition (Dkt. No. 417).  Defendant argues he is serving 11 extra months in Federal Bureau of Prisons ("BOP") custody when he should instead now be eligible for a halfway house.  Thus, it appears Defendant believes the BOP has miscalculated the remaining time on his sentence, and he does not assert the sentence imposed by this Court was itself imposed unlawfully.  He also argues he has completed numerous programs in the BOP to earn First Step Act credits towards his sentence.  Defendant asserts that his only recourse is to ask this Court to "give [him] back [his] 11 months[.]"

The Government argues there are two threshold defects to Defendant's motion, as this Court lacks jurisdiction to grant the relief he seeks, and Defendant has failed to exhaust his administrative remedies.

Defendant is challenging the execution of his sentence, as noted above.  "A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the vehicle for a federal prisoner's challenges to the execution of his sentence such as calculations by the [BOP] of the credit to be given for other periods of detention . . ., as opposed to challenges to the imposition of sentence, which are properly brought by a motion pursuant to 28 U.S.C. § 2255[.]"  *Ortiz-Alvear v. Lappin*, 08-CV-268 (JG), 2008 WL 2242559, 2008 U.S. Dist. LEXIS 42401, *5 (E.D.N.Y. May 29, 2008) (internal quotation marks and citations omitted); *see Poindexter v. Nash*, 333 F.3d 372, 377

---

[1] The Court *sua sponte* filed the supplemental papers under seal, as they contain attorney-client communications.

2

(2d Cir. 2003); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."); *Evans v. Larkin*, 629 F. App'x 114, 115 (2d Cir. 2015) (summary order) ("Section 2241 may be used to challenge the computation of a sentence by prison officials."); *Tisdale v. Menifee*, 166 F. Supp. 2d 789, 791 (S.D.N.Y. 2001) ("It is well-established that the [BOP], and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody.") (internal quotation marks and citations omitted).

As such, the appropriate procedure would have been for Defendant to file a habeas petition. This Court may not simply construe and recharacterize Defendant's motion as a request for habeas relief under 28 U.S.C. § 2241 and rule on the merits, however. Defendant is incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio, which is in the judicial district of the United States District Court for the Northern District of Ohio, and "[a] § 2241 petition must be filed in the prisoner's judicial district of confinement—*i.e.*, in the district with jurisdiction over the prisoner's custodian." *Rivers v. United States*, 19-CV-6484 EAW; 15-CR-6172 EAW, 2019 U.S. Dist. LEXIS 152217, *3 (W.D.N.Y. Sept. 5, 2019); *see Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). This Court accordingly does not have jurisdiction over Defendant's motion.

Next, while this Court has broad discretion to transfer a habeas case to the proper judicial district in the interest of justice (*see* 28 U.S.C. § 1406(a); *see, e.g.*,

*Rivers*, 2019 U.S. Dist. LEXIS 152217, at *4; *Vincent v. W. Dist. Court of United States*, 11-CV-581S(M), 2011 WL 4975908, 2011 U.S. Dist. LEXIS 120664, *3 (W.D.N.Y. Oct. 18, 2011); *Ortiz-Alvear*, 2008 U.S. Dist. LEXIS 42401, at *9-10), a transfer would not be appropriate here.  "Before an inmate can seek relief pursuant to § 2241 . . . he must exhaust all relevant administrative remedies."  *Holton v. Fed. Bureau of Prisons*, 22-CV-6528 (CJS), 2023 WL 2965145, 2023 U.S. Dist. LEXIS 66823, *4-5 (W.D.N.Y. Apr. 17, 2023), citing *Carmona*, 243 F.3d at 634; *see Martinez v. United States*, 19 F.3d 97, 99 (2d Cir. 1994) (holding that a prisoner challenging the computation of his sentence must first "exhaust administrative remedies" with the BOP "prior to seeking relief in the district court for sentencing credit").  In the context of a § 2241 petition, "[e]xhaustion of administrative remedies involves a multistep process under BOP regulations, ranging from requesting informal resolution of a complaint to raising that complaint to the BOP Regional Director and, ultimately, to the General Counsel of the BOP."  *Holton*, 2023 U.S. Dist. LEXIS 66823, at *4-5 (internal quotation marks and citations omitted); *see* 28 C.F.R. Part 542, Subpart B §§ 542.10-542.19.

      Defendant has not shown he has exhausted his administrative remedies on this issue.  He alleges that he has pursued these remedies, and it appears from his motion and supplemental motion papers that he has to some extent.  *See* Dkt. No. 413, pp. 3-4 (7/28/2023 denial by the Warden of Defendant's Request for Administrative Remedy, noting Defendant may appeal that denial to the BOP Regional Director within 20 calendar days); Dkt. No. 415, pp. 7-8 (Regional Administrative Remedy Appeal form filled out by Defendant, attaching letter to BOP

4

Regional Director from counsel dated 8/9/2023, asking to appeal 7/28/2023 denial). However, Defendant has not shown he has completed the multistep process of exhaustion to afford him the ability to seek relief in the Northern District of Ohio.

To reiterate, to pursue the relief he seeks, Defendant must file his challenge to the execution of his sentence as a § 2241 petition in the Northern District of Ohio, upon exhaustion of his administrative remedies in the BOP.  See, e.g., United States v. Lopez, No. 20 Cr. 230 (JFK), 2022 WL 2340430, 2022 U.S. Dist. LEXIS 115404, *4-5 (S.D.N.Y. June 29, 2022) (denying defendant's motion requesting a correction in the calculation of his sentence as there was no record evidence defendant had exhausted the relevant administrative remedies, and even if he could establish exhaustion, "the proper vehicle for judicial review would be the filing of a § 2241 habeas application in the district in which he is incarcerated, which is the District of West Virginia").

Defendant's motion (Dkt. No. 413) challenging the BOP's execution of his sentence is therefore denied.

**IT IS SO ORDERED.**

    _s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: October 30, 2023
      Buffalo, New York